UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-151-FDW

| FREDERICK L. CANADY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER |
| FNU RUSSELL, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on an initial review of the civil rights complaint filed by Plaintiff which seeks monetary damages. For the reasons that follow, this action will be dismissed.

## I. BACKGROUND

Plaintiff is an inmate of the State of North Carolina with a projected release date of September 14, 2024. In his pro se complaint, Plaintiff alleges that on October 23, 2013, Officer Russell encouraged Plaintiff to "enjoy your food at dinner time." Plaintiff consumed the recommended meal in question and contends that he became sick to his stomach and dizzy and had to be carried to see the nurse for medical treatment. Plaintiff attributes his sickness to some action Officer Russell took with regard to his food which he contends may be in retaliation for grievances that Plaintiff had filed against him. Plaintiff states that he has participated unsuccessfully in the Three-Step Administrative Remedy Procedure. In his claim for relief, Plaintiff seeks monetary damages in the amount of $50,000.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review ... a complaint in a civil

1

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." During this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1) and (b)(2).

Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

According to the website of the North Carolina Department of Public Safety, Plaintiff was incarcerated at Mountain View Correctional Institution during the time alleged in his complaint but was transferred to Craven Correctional on or about December 12, 2013. A review of the case filings in this district reveals that Plaintiff has filed at least ten (10) civil actions in this district. In at least seven (7) of these cases, which were filed under § 1983, Plaintiff filed to proceed without prepayment of fees and each of these cases were dismissed under the provisions of § 1915(e)(2) , 1915(g), or § 1915A(b)(1). See (3:12-cv-42-RJC; 3:12-cv-209-RJC; 3:12-cv-419-RJC; 3:12-cv-28-RJC; 3:13-cv-80-RJC; 3:13-cv-250-RJC; 3:13-cv-302-RJC). Plaintiff did not appeal from any of these dismissals detailed above and the time for taking an appeal has long since expired therefore these cases are final for purposes of this initial review.

The Prisoner Litigation Reform Act provides that,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff's complaint details a lone occasion in October 2013 where he alleges that Officer Russell may have tampered with his food in retaliation for Plaintiff's participation in the prison's grievance procedures. According to his complaint, he was treated for his illness and he failed to obtain relief through the grievance procedure. Since the alleged October 2013 incident, Plaintiff appears to have been transferred to a new correctional institution, and there are no allegations that Officer Russell has been transferred there or that any other alleged instances have been visited on him by Officer Russell.

For the foregoing reasons, the Court finds that Plaintiff has failed to allege imminent risk of physical injury and his complaint will therefore be dismissed without prejudice to his submission of the $400 filing fee.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice.** (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

Signed: April 3, 2014

Frank D. Whitney
Chief United States District Judge